

Gregory P. Photiadis
James W. Gresens
Peter G. Ruppar ++
Michael J. Lombardo +
Howard E. Berger
Dennis P. Cleary
Gary M. Kanaley *
Robert L. Bencini

Patricia Gillen
Charles C. Ritter, Jr.
Matthew J. Beck
Elizabeth A. Kraengel **
Barbara B. Strzemski-Hasse
John D. Celani *
Steven W. Klutkowski +++

Anthony J. Colucci, Jr. +**
*Special Counsel*

Edwin P. Yaeger
(1934 - 1992)
Emanuel Duke
(1916 - 1999)

\* Also Admitted in FL
\*\* Also Admitted in MA
\+ Also Admitted in PA
\+\+ Also Admitted in TX
\+\+\+ Also Admitted in NJ

October 5, 2015

Chambers of Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007
Tel: (212) 805-0224
Fax: (212) 805-7976

Re:  Metropolitan Life Insurance Company v.
Sicoli and Massaro Inc. Pension Trust, et al.
Case No. 1:15-cv-07141

Dear Hon. Gardephe:

We are attorneys for Defendant Sicoli and Massaro Inc. Pension Trust ("SMI"). Plaintiff Metropolitan Life Insurance Company ("MetLife") filed suit under the Employee Retirement Income Security Act ("ERISA") against SMI on September 10, 2015, and served SMI on September 16, 2015. Pursuant to your Rules of Practice for Civil Cases, we write to indicate our intent to file a **motion to dismiss this case for lack of subject matter jurisdiction** or, in the alternative, to **change venue** to the Western District of New York. These motions are not on consent. Pursuant to your Rules of Practice, this letter stays Defendant's time to answer or otherwise move with respect to the complaint.

A.  **Factual Background**

The Pension Plan at issue is a qualified employee retirement savings plan established on or about May 1, 1973, eligible for enrollment by those employed by Sicoli and Massaro, Inc. On or about June 28, 1996, the Plan adopted New England Mutual Life Insurance Company's (a MetLife company) Prototype Defined Benefit Pension Plan #01. The benefits are paid into—and premiums paid by—the Plan itself.

On June 4, 2012, Dominic C. Massaro passed away, and a claim for life insurance benefits due under the Massaro Insurance Policy ("Claim") was timely submitted. After performing a full analysis and review of the Claim, MetLife accepted the Claim and paid the full death benefits due under the Policy, $1,174,060.36, directly to the Plan. MetLife had complete control and discretion of its determination, paying out the $1,174,060.36 after its own independent analysis. Subsequently, MetLife sought to recover $481,237.21 as an alleged "erroneous overpayment."

The Plan is located in Niagara Falls, New York, and the Plan is the direct beneficiary of the Policy. The Plan administration, its fiduciaries, trustees, employees, and beneficiaries are all located in Niagara Falls. Benefits are computed and distributed by the Plan in Niagara Falls. The only entities which perform fiduciary functions exist in Niagara Falls.

### B.  This Court Lacks Subject Matter Jurisdiction Over This Case

This Court does not have subject matter jurisdiction over to hear this case. "[A]n action arises under federal law if and only if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Carpenters Pension & Annuity Fund v. Banks, 271 F. Supp. 2d 639, 643 (E.D. Pa. 2003) (quoting Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1979)). Further, "ERISA federal common law establishes 'arising under' jurisdiction only where the issue in dispute is of central concern to the federal statute." Coop. Benefit Adm'rs, Inc. v. Ogden, 265 F. Supp. 2d 662, 671 (M.D. La. 2003), *aff'd in part and rev'd in part*, 367 F.3d 323 (5th Cir. 2004).

All of the ERISA claims asserted by Plaintiff are based on an alleged breach of fiduciary duty. As this Court has held, subject matter jurisdiction does not exist in ERISA fiduciary responsibility cases unless the claimant is owed a fiduciary duty by the defendant under ERISA. See Snyder v. Elliot W. Dann Co., Inc., 854 F. Supp. 264, 274 (S.D.N.Y. 1994) ("[T]he statute which authorizes a suit for breach of fiduciary duties . . . provides that 'any person who is a fiduciary . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach. . . Accordingly, such suits can only be maintained on behalf of the plan itself . . .") (citing 29 U.S.C. § 1109(a)). Additionally, for ERISA purposes, "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any monies or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Further, the Supreme Court has held: "In every case charging a breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but **whether that person was acting as a fiduciary (that is, was performing a fiduciary function)** when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 225 (2000) (emphasis added). A variety of cases have held that where a defendant has no fiduciary duty to a plaintiff, subject matter jurisdiction does not exist under ERISA's breach of fiduciary duty provisions. See Breaux v. Pipefitters Local Union 195, 807 F. Supp. 42 (E.D. Tex. 1992) (holding a union that exercised no authority over management or assets of pension fund had no fiduciary status under ERISA); Robbins v. First American Bank, 514 F. Supp. 1183, 1189 (N.D. Ill. 1981) (holding a bank exercising "purely ministerial functions" is not a plan fiduciary under ERISA).

Applying these principles, the Seventh Circuit has held that where MetLife funds a plan and another party administers the plan, MetLife and the administrator are not fiduciaries with respect to each other. Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 512 (7th Cir. 2009). The court deemed the relationship between MetLife and the administrator to be "purely contractual" and held that such parties were "not the kind[s] of entities that Congress had in mind for the [fiduciary responsibility] protections it created in ERISA." Id. (citing 29 U.S.C. § 1002(21)(A)).

In this case, MetLife's conclusory claims that SMI is a co-fiduciary under the Plan have no basis in law or fact. As mentioned earlier, the Plan administration, its fiduciaries, trustees, employees, and beneficiaries are all located at SMI in Niagara Falls. None of the Plan's discretionary functions are performed by MetLife. Benefits are computed and distributed by SMI. MetLife does not fall into the statutory definition of a "fiduciary" under ERISA because MetLife holds no discretionary authority. SMI merely maintains a contractual relationship with MetLife such that MetLife is paid premiums and MetLife pays out benefits, functions that are "purely ministerial." Such functions impose no fiduciary duty to MetLife upon SMI.

Because MetLife and SMI are not co-fiduciaries under statutory or case law, MetLife cannot maintain a claim for breach of fiduciary duty against SMI. MetLife's causes of action are all based upon breach of fiduciary duty under ERISA, but because no fiduciary duty was ever owed to MetLife by SMI, such claims cannot be validly asserted under ERISA. Consequently, there is no federal question for this Court to adjudicate.

Case law and statutory law are clear that MetLife and SMI are not co-fiduciaries, and that therefore, MetLife has no valid claim against SMI under ERISA. Accordingly, this Court should hear—and subsequently grant—SMI's motion to dismiss for lack of subject matter jurisdiction.

C.   **Venue is Proper in the Western District of New York**

ERISA has its own statutory provision governing venue. "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, . . ." 29 U.S.C. § 1132(e)(2). None of the three circumstances laid out in § 1132(e)(2) suggest that the Southern District of New York is the proper venue for this case. Instead, the Western District of New York is the proper venue.

First, the Plan is administered in Niagara Falls, New York. This Court has held that a plan is administered at the location of a plan administrator's office, employees, beneficiaries, trustees, documents, records, and where eligibility determinations are made. Sprinzen v. Supreme Court of New Jersey, 478 F. Supp. 722, 723 (S.D.N.Y. 1979). This Court adhered to the plaintiff's general definition of "administer" as "to manage," specifically, "the district where

3

legal services are meted out or tendered to beneficiaries by the fund." Id. Other cases have yielded similar results. See, e.g., Trs. of Hotel Emps. & Rest. Emps. Int'l Union Welfare Pension Fund v. Amivest Corp., 733 F. Supp. 1180, 1182-83 (N.D. Ill. 1990) (holding venue was proper where majority of plaintiff trustees, their witnesses and their documentary evidence were located, despite defendant's corporate headquarters and witnesses being located in another venue); Campbell v. Consol. Bldg. Specialties, 683 F. Supp. 271, 273 (D.D.C. 1987) (holding where defendant would incur greater inconvenience via greater costs and location of witnesses than plaintiff would, transfer to defendant's venue was proper).

In this case, as mentioned previously, the Plan's offices, employees, beneficiaries, trustees, documents, records, and eligibility determinations are all located in Niagara Falls, New York. Benefits are computed and distributed in Niagara Falls. Thus, it is clear the Plan is administered in Niagara Falls, making the Western District of New York the proper venue under the circumstances.

Second, the alleged breach took place in Niagara Falls, New York. Courts have held that breach of fiduciary duty takes place "where the defendants commit or fail to commit the actions their duties require." Brown Sch., Inc. v. Florida Power Corp., 806 F. Supp. 146, 149 (W.D. Tex. 1992). In this case, MetLife alleges SMI breached a fiduciary duty by not repaying rightfully distributed funds back to MetLife. SMI is located in Niagara Falls, New York; if there was a breach, it occurred in Niagara Falls. This also points toward Western District of New York being the proper venue.

Third, all defendants can be found in Niagara Falls, New York. The SMI Pension Trust, the SMI Pension Trust Plan, Sicoli and Massaro, Inc. (the sponsoring employer), and Dominic P. Massaro (trustee and plan administrator of the SMI Pension Trust) are all located or reside in Niagara Falls. This third factor also points toward Western District of New York being the proper venue.

Additionally, Defendants will be severely inconvenienced by litigating this case in the Southern District of New York. Courts have held that the ERISA venue provision was intended to protect pension trusts from having to expend trust funds to litigate in distant venues. Trs. of Hotel Emps., 733 F. Supp. at 1183. In this case, all of SMI's offices, employees, trustees, and documents are located in Niagara Falls, New York. SMI would incur detrimentally expensive costs to travel to and from this Court. Contrastingly, MetLife has regional offices in the Western District of New York, and any added expenses from litigating in the proper venue—the Western District—are dwarfed in comparison to the detriment to SMI if forced to litigate in the Southern District.

Because none of the three possibilities laid out in 29 U.S.C. § 1132(e)(2) exist in this case, and because the interests of justice show SMI and its Pension Trust would be detrimentally financially harmed if forced to litigate in the Southern District, venue is proper in the Western

District of New York, not the Southern District of New York. Accordingly, this Court should hear—and subsequently grant—SMI's motion to change venue.

    Very truly yours,

    **DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**

    s/Steven W. Klutkowski

    Steven W. Klutkowski
    sklutkowski@dhpglaw.com
    Charles C. Ritter, Jr.
    critter@dhpglaw.com

CCR/rgg